**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOHN L. SMITH, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )    Case No. 08-CV-009-GKF-FHM |
| | ) |
| DONNA LAYMON, Warden, | ) |
| | ) |
|     Respondent. | ) |

## OPINION AND ORDER

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 9). Petitioner, a state inmate appearing *pro se*, filed a response (Dkt. # 11) to the motion to dismiss and a "petition for application of 43 U.S.C. § 1746 [sic] 'mail-box rule'" (Dkt. # 12). Respondent seeks dismissal of this action under 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA") (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the petition was not timely filed. Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus, as amended, shall be dismissed with prejudice. Petitioner's motion for application of the mail-box rule shall be denied.

### *BACKGROUND*

Petitioner challenges his convictions entered in Tulsa County District Court, Case No. CF-2002-5369. See Dkt. # 10, Ex. 1. The docket sheet provided by Respondent reflects that on August 28, 2003, the state district court found Petitioner guilty after accepting his Alford pleas to Possession of Controlled Drug With Intent to Distribute, AFCF (Count 1), Unlawful Possession of Marijuana With Intent to Distribute (Felony), AFCF (Count 2), DUI Alcohol -- Second Offense, AFCF (Count

3), Possession of Paraphernalia (Count 4), and Driving Under Suspension (Count 5). See Dkt. # 10, Ex. 1 at page 9 of 15. On that date, Petitioner was sentenced to concurrent terms of imprisonment totaling twenty (20) years, to be served consecutively to terms entered in Tulsa County District Court, Case Nos. CF-00-2292 and CF-00-3058. Id. Petitioner did not file a motion to withdraw pleas and did not otherwise perfect an appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). See id.

On August 4, 2004, Petitioner filed a motion for judicial review. Id. at page 13 of 15. On August 5, 2004, the trial court denied the motion for judicial review. Id.

On January 5, 2007, Petitioner filed a motion to modify judgment and sentence. See id. On April 24, 2007, the trial court denied the motion to modify sentence/application for post-conviction relief. Id. at 14 of 15. Petitioner filed a petition in error at the OCCA. By Order filed July 20, 2007, in Case No. PC-2007-528, see www.oscn.net, the OCCA affirmed the district court's denial of post-conviction relief.

On April 11, 2007, Petitioner filed a petition for writ of mandamus at the OCCA. See www.oscn.net. That petition, assigned Case No. MA-2007-355, was dismissed as moot on May 3, 2007. Id.

Petitioner commenced this habeas corpus action on January 7, 2008. See Dkt. # 1. Pursuant to the Court's directive (Dkt. # 2), Petitioner filed an amended petition (Dkt. # 4) on February 13, 2008.

*ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his guilty pleas in Case No. CF-2002-5369, his conviction became final, pursuant to § 2244(d)(1)(A), ten (10) days after pronouncement of his Judgment and Sentence, or on Monday, September 8, 2003. See Rule 4.2, *Rules of the Court of*

*Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty or *nolo contendere*). As a result, his one-year limitations clock for any claim challenging his convictions, including the claims raised in the instant petition, began to run on September 8, 2003. Absent a tolling event, a federal petition for writ of habeas corpus filed after September 8, 2004, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Petitioner did not seek any post-conviction relief during the relevant period. The application for judicial review was filed on August 4, 2004, or before the limitations deadline. It was not, however, a "post-conviction proceeding" for purposes of tolling the AEDPA limitations period. Nicholson v. Higgins, 147 Fed.Appx. 7, 8 n. 2 (10th Cir. 2005) (unpublished) (determining that because motions for judicial review, pursuant to Okla. Stat. tit. 22, § 982a, seek discretionary review and their denial is not appealable, they cannot be construed as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)); see also Clemens v. Sutter, 230 Fed.Appx. 832, 834 n.1 (10th Cir. 2007) (unpublished).

Furthermore, even if Petitioner's later filings qualify as collateral challenges to his conviction and sentence, they do not serve to toll the one-year limitations period because each was filed after the limitations period had already expired. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v.

4

Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, Petitioner's state court pleadings filed after the limitations deadline of September 8, 2004, did not toll the limitations period. Therefore, this action, commenced on January 7, 2008, appears to be untimely.

Petitioner filed a response to Respondent's motion to dismiss. He also filed a motion requesting application of the prisoner mail-box rule. In his response, Petitioner asserts that this action is not time-barred because his habeas petition is an "'applied challenge' not a 'facial challenge.'" (Dkt. # 11 at 1 (emphasis in original)). Petitioner provides neither factual nor legal support for this argument. For that reason alone, his argument is rejected. See Phillips v. Calhoun, 956 F.2d 949, 953-54 (10th Cir. 1992) (dismissing an argument unsupported by cogent authority). Furthermore, his habeas claims clearly challenge the validity of his convictions and are subject to the one-year limitations period imposed by 28 U.S.C. § 2244(d). Therefore, Petitioner may not circumvent the application of § 2244(d) by attempting to cast his petition as an "applied challenge."

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir.2008) (quoting Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 1085 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

5

Petitioner has neither demonstrated that he pursued his claims diligently nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. Although Petitioner filed a motion requesting application of the prisoner mail-box rule, his request is conclusory. He states only that "[d]ue to the working schedule of the D.O.C. Law Library and Petitioner's programmatic needs in conjunction with the William S. Key postal service it is difficult to stay within the mandatory time-frames." (Dkt. # 12). The Court finds the mail-box rule may not be invoked to save this action and his motion should be denied. Petitioner filed his habeas petition more than three (3) years beyond the limitations deadline. He filed his post-conviction action in state court more than two (2) years beyond the habeas deadline. Quite simply, Petitioner's vague and conclusory statement concerning his institution's mail service is insufficient for entitlement to equitable tolling. Cf. Miller, 141 F.3d at 978. Petitioner has failed to demonstrate that his inability to file his habeas petition within the one-year period was due to extraordinary circumstances beyond his control. Gibson, 232 F.3d at 808. Furthermore, Petitioner has not demonstrated that he pursued his federal claims diligently. As a result, the Court concludes that this action is time-barred. Respondent's motion to dismiss shall be granted and Petitioner's petition for writ of habeas corpus, as amended, shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 9) is **granted**.

2. Petitioner's "petition for application of 43 U.S.C. § 1746 [sic] 'mail-box rule'" (Dkt. # 12) is **denied.**

3. The petition for writ of habeas corpus (Dkt. # 1), as amended (Dkt. # 4), is **dismissed with prejudice**.

4. A separate Judgment shall be entered in this case.

DATED THIS 5th day of January, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma